VINOD NICHANI|SBN 277607
NICHANI LAW FIRM
111 N. Market Street, Suite 300
San Jose, California 95113
Phone: 408-800-6174
Fax: 408-290-9802
Email: vinod@nichanilawfirm.com

Attorney for Debtor and Plaintiff
VIKRAM SRINIVASAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIKRAM SRINIVASAN,<br><br>Debtor and Debtor in Possession. | Case No.: 20-51735<br><br>Chapter 11 Case<br><br>ADVERSARY NO.: ________________ |
| VIKRAM SRINIVASAN,<br><br>Plaintiff,<br><br>v.<br><br>FAY SERVICING, LLC, a Delaware Limited Liability Company; CIVIC HOLDINGS III TRUST, a Delaware Statutory Trust; CIVIC REAL ESTATE HOLDINGS III, LLC, a Delaware Limited Liability Company; ANTHONY and LISA NADALIN, individuals; DOES 1 through 20, inclusive,<br><br>Defendants, | COMPLAINT FOR:<br><br>(1) DECLARATORY RELIEF REGARDING REAL ESTATE;<br>(2) DECLARATORY RELIEF REGARDING STATE COURT CLAIMS;<br>(3) TURNOVER OF PROPERTY;<br>(4) CIVIL CONTEMPT; and<br>(5) INJUNCTIVE RELIEF |

Case: 21-05002 Doc# 1 Filed: 01/19/21 Entered: 01/19/21 20:59:15 Page 1 of 18

Plaintiff VIKRAM SRINIVASAN, the Chapter 11 Debtor and Debtor in Possession (hereinafter referred to as "DEBTOR" and/or "PLAINTIFF") in the above captioned Chapter 11 bankruptcy case, avers and complains, by way of this Complaint as follows:

**JURISDICTION AND VENUE**

1. This adversary proceeding in the Chapter 11 of Vikram Srinivasan, case pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division (hereinafter the "Bankruptcy Court"), is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E), and (O).

2. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157,1334 and 2201, 11 U.S.C. §§362 and 542, and Local Rules and Orders of the United States District Court for the Northern District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code.

3. Venue is proper in this Court under 28 U.S.C. §1409(a), as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

4. The PLAINTIFF consents to the entry of final judgments and orders by the Bankruptcy Court in this adversary proceeding.

**PARTIES**

5. On December 10, 2020 (hereinafter referred to as "PETITION DATE"), the PLAINTIFF filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code (hereinafter referred to as the "CURRENT PETITION").

6. PLAINTIFF alleges that Defendant FAY SERVICING, LLC, as Servicer for Civic

Holdings III Trust, is a Delaware Limited Liability Company doing business in the County of Los Angeles, State of California (hereinafter “FAY”) and is subject to the jurisdiction of this Bankruptcy Court.

7. PLAINTIFF alleges that Defendant CIVIC HOLDINGS III TRUST is a Delaware statutory trust (hereinafter “CIVIC HOLDINGS”) and is subject to the jurisdiction of this Bankruptcy Court.

8. PLAINTIFF alleges that Defendant CIVIC REAL ESTATE HOLDINGS III, LLC, is a Delaware Limited Liability Company doing business it the County of Los Angeles, State of California (hereinafter “CIVIC REAL ESTATE”) and is subject to the jurisdiction of this Bankruptcy Court.

9. PLAINTIFF alleges that Defendants ANTHONY and LISA NADALIN (hereinafter “BUYERS”) entered into certain Residential Purchase Agreement and Joint Escrow Instructions for the sale of the SUBJECT PROPERTY with Defendant CIVIC REAL ESTATE.

10. PLAINTIFF is unaware of the true names and capacities, whether individual, associate, partnership, corporate or otherwise, of Defendants fictitiously designated herein as DOES 1 through 20, inclusive, and therefore sues those Defendants by such fictitious names. PLAINTIFF will seek leave from the Court to amend this Complaint when the true names and capacities of such fictitiously designated Defendants have been ascertained. PLAINTIFF is informed and believes and based thereon alleges that each fictitiously designated Defendant, in some way as yet unknown to PLAINTIFF, is and was in some manner responsible for, or a party to, the acts alleged herein.

11. PLAINTIFF is informed and believes and thereon alleges that at all times mentioned

herein, each of the Defendants were acting as an agent, servant, or employee of the remaining defendants and were all times acting within the course and scope of the agency, service, or employment.

12. The Complaint is pursuant to a series of breaches and representations made to PLAINTIFF by FAY, CIVIC HOLDINGS and CIVIC REAL ESTATE (hereinafter collectively referred to as "LENDERS" and/or "DEFENDANTS") regarding failed forbearances agreements and an option to purchase between the parties in regards to the real property located at 1648 Summitridge Drive, Beverly Hills, California 90210 and also known as 1666 Summitridge Drive, Beverly Hills, California, APN: 4355-009-012 (hereinafter "SUBJECT PROPERTY"), turnover of payments made by PLAINTIFF in reliance of said forbearances by LENDERS and that despite the PLAINTIFF'S bankruptcy stay being in place, the void foreclosure of said SUBJECT PROPERTY, which then resulted in the purchase of said SUBJECT PROPERTY by BUYERS with constructive notice of related state court litigation.

**GENERAL ALLEGATIONS**

13. On or about September 25, 2018, SUMMITRIDGE VENTURE GROUP, LLC (hereinafter, "SVG") purchased the SUBJECT PROPERTY from Civic Holdings V-N Trust, a Delaware statutory trust.

14. The purchase of the SUBJECT PROPERTY was partially financed by a loan in the principal sum $3,500,000.00 from Civic Financial Services, LLC, and secured by a Deed of Trust recorded on September 25, 2018 as Document Number 20180977267 in the Official Records of the Recorder's Office in Los Angeles County (hereinafter, the "DEED OF TRUST"). A true and correct copy of said Deed of Trust is attached hereto as **Exhibit "A."** As a condition

of closing the loan, personal guarantees from PLAINTIFF were required. A copy of said personal guarantee is attached hereto as **Exhibit "B."**

15. On or about September 21, 2018, a Deed of Trust secured by the SUBJECT PROPERTY was executed to Mitali Parmar (hereinafter "MITALI DEED OF TRUST"). A copy of said Mitali Deed of Trust is attached hereto as **Exhibit "C."** On the same date a personal guaranty executed by PLAINTIFF was required as a condition to closing said transaction. A copy of the personal guaranty is attached hereto as **Exhibit "D."**

16. On or about October 19, 2018, an Assignment of Deed of Trust was recorded as Document Number 20181067508 in the Official Records of the Recorder's Office in Los Angeles County, whereby Civic Financial Services, LLC re-assigned its rights, title, and interest in the DEED OF TRUST to Defendant CIVIC HOLDINGS. A true and correct copy of said Assignment of Deed of Trust is attached hereto as **Exhibit "E"**

17. On January 7, 2019, a second Assignment of Deed of Trust was recorded as Document Number 20190017373 in the Official Records of the Recorders' Office in Los Angeles County, whereby Defendant CIVIC HOLDINGS re-assigned its rights, title, and interest in the DEED OF TRUST to DLJ Mortgage Capital, Inc. A true and correct copy of the said Assignment of Deed of Trust is attached hereto as **Exhibit "F."**

18. On or about February 12, 2019, a third Assignment of Deed of Trust was recorded as Document Number 20190128721 in the Official Records of the Recorder's Office in Los Angeles County, whereby DLJ Mortgage Capital, Inc. re-assigned its rights, title, and interest in the DEED OF TRUST to Defendant CIVIC HOLDINGS. A true and correct copy of said Assignment of Deed of Trust is attached hereto as **Exhibit "G."**

19. On or about March 26, 2019, SVG filed a Verified Complaint against Mitali Parmar (hereinafter "PARMAR") for causes of action involving Usury, Wrongful Foreclosure, Cancellation of Instrument and Declaratory Relief. Pursuant to said complaint, SVG was able to restrain the foreclosure of said SUBJECT PROPERTY through a Temporary Restraining Order and a subsequent Preliminary Injunction. PARMAR thereby filed a Cross-Complaint against SVG and PLAINTIFF as Co-Defendants. A copy of the complaint and cross-complaint are attached hereto **as Exhibit "H"** and **"I"**, respectively.

20. On or about May 14, 2019, Defendant CIVIC HOLDINGS caused a Notice of Default to be recorded against the SUBJECT PROPERTY in the amount of $219,323.87 (hereinafter "NOD"). A true and correct copy of said Notice of Default is attached hereto as **Exhibit "J."**

21. On or about August 19, 2019, Defendant CIVIC HOLDINGS caused a Notice of Trustee's Sale to be recorded against the SUBJECT PROPERTY in the amount of $3,891,080.78 and setting a foreclosure sale date of September 13, 2019 (hereafter the "NTS"). A true and correct copy of said Notice of Trustee's Sale is attached hereto as **Exhibit "K."**

22. On or about September 12, 2019, SVG filed for Chapter 7 Bankruptcy. Case No. 19-51885, before the United States Bankruptcy Court, Northern District of California San Jose Division, which suspended the impeding foreclosure sale date of September 13, 2019.

**<u>First Forbearance Agreements</u>**

23. In or about November 21, 2019, SVG and Defendant FAY, as servicer and attorney in fact for Defendant CIVIC HOLDINGS, entered into a written forbearance agreement, whereby LENDERS agreed to forbear from foreclosing on the SUBJECT PROPERTY until May 1, 2020, if SVG makes a payment in sum of $712,823.87 on or before November 26, 2019, and monthly interest payments commencing from December 1, 2019 in the amount of $52,500.00 (hereinafter

Case: 21-05002 Doc# 1 Filed: 01/19/21 Entered: 01/19/21 20:59:15 Page 6 of 18

"FIRST FORBEARANCE AGREEMENT"). A true and correct copy of the FIRST FORBEARANCE AGREEMENT is attached hereto as **Exhibit "L."**

24. Capital Contributions to SVG have been and continue to be from PLAINTIFF' personal resources, SVG has no other forms of income and is entirely dependent on PLAINIFF'S contributions.

25. In reliance of representations by CIVIC HOLDINGS, on November 15, 2019, PLAINTIFF in furtherance of his unity of interest with SVG as sole member of SVG wired his personal funds in the sum of $250,000.00 to FAY in an effort to financially assist SVG in forbearance of the foreclosure on said SUBJECT PROPERTY. Said payments were paid directly to LENDERS from PLAINTIFF, whereby LENDERS had knowledge of the unity of interest between PLAINTIFF and SVG.

26. SVG was unable to pay the remaining sum of $462,823.87 by November 26, 2019 as SVG's bank account was frozen due to an unrelated matter.

27. PLAINTIFF seeks the turnover of the amount of $250,000.00 from LENDERS in that said agreed forbearance was not completed, PLAINTIFF nor SVG received consideration for its payment in that the SUBJECT PROPERTY was foreclosed and said funds were merely held in suspense and not applied to any portion of the obligation. Specifically, PLAINTIFF and SVG through their unity of interest did not receive what they bargained for, a forbearance of the foreclosure, as a result the PLAINTIFF/DEBTOR has suffered inequitably. In that said funds are held in suspense and not applied, they belong to the estate of PLAINTIFF. A copy of correspondence from David Poitras, counsel to Wedgewood, LLC, solely as Administrator of the Civic Holdings III Trust; and Civic Real Estate Holdings, LLC (hereinafter "POITRAS") indicating said funds are held in suspense is attached hereto as **Exhibit "M."**

**Second Forbearance Agreement**

28. On or about December 2, 2019, PLAINTIFF filed for Chapter 11 bankruptcy, Case No. 19-42729 (hereinafter "PRIOR PETITION") in the United States Bankruptcy Court, Northern District of California, Oakland Division, which temporarily suspended the foreclosure sale of the SUBJECT PROPERTY to December 4, 2019.

29. LENDERS were notified of the PLAINTIFF'S individual bankruptcy Petition on December 2, 2019 via electronic Communication and said sale was postponed to December 4, 2019. None of the LENDERS ever sought or obtained relief from the automatic stay regarding the SUBJECT PROPERTY.

30. On December 3, 2019, POITRAS, counsel for LENDERS, proposed a new forbearance agreement to SVG via email that if payment in the sum of $515,323.87 is received by 5:00 p.m., on December 3, 2019, along with a dismissal of the pending PLAINTIFF'S Chapter 11, CIVIC HOLDINGS would agree to forbear from conducting a trustee's sale until later of December 6, 2019, or the date of entry of an order dismissing the Chapter 11 Bankruptcy, but, in no event later than December 13, 2019. A copy of the correspondence indicating communication of said forbearance terms is attached hereto **Exhibit "N."**

31. Thereafter, a telephone conference occurred between the parties, whereas the LENDERS agreed to briefly forbear from conducting a trustee's sale until the later of December 6, 2019 to continue discussions, if a payment of $112,923.87 is received on or before 11:00 a.m. on December 4, 2019, the same day of the impeding foreclosure (hereinafter, the "SECOND FORBEARANCE AGREEMENT").

32. As a result, in the morning of December 4, 2019 before 11: 00 a.m., PLAINTIFF in reliance on representations made by the LENDERS and in furtherance of his unity of interest

with SVG, wired an additional sum of his personal funds in the amount of $112,823.87 to FAY in an effort to financially assist SVG in forbearance of the foreclosure on said SUBJECT PROPERTY. Said PLAINTIFF PAYMENTS were paid directly to LENDERS from PLAINTIFF, which LENDERS were aware.

33. PLAINTIFF did not receive consideration for his payment in that the SUBJECT PROPERTY was foreclosed and said funds were merely held in suspense and not applied to any portion of the obligation. Specifically, Plaintiff did not receive what he bargained for, a forbearance of the foreclosure and as a result the PLAINTIFF suffered inequitably. In that said funds are held in suspense and not applied, they belong to the estate of PLAINTIFF. ***See Exhibit "M."***

**Foreclosure**

34. On December 4, 2019 after receiving the funds through a wire from PLAINTIFF, made in reliance of said representations, with the PLAINTIFF'S bankruptcy stay in place, and LENDERS having notice of PLAINTIFF'S bankruptcy petition, CIVIC HOLDINGS proceeded with the foreclosure against the SUBJECT PROPERTY in the amount of $4,356,406.73 in unpaid debt. A true and correct copy of the said Trustee's Deed upon Sale is attached hereto as **Exhibit "O."**

35. In that SVG is wholly owned by the DEBTOR/PLAINTIFF, the presence of two personal guarantees of the PLAINTIFF and ongoing litigation against PLAINTIFF and SVG by cross-complainant PARMAR it establishes claims against the estate of the DEBTOR/PLAINTIFF through their unity of interest. As a result, the foreclosure on the SUBJECT PROPERTY created an immediate adverse economic consequence to the estate of the DEBTOR/PLAINTIFF, in that said SUBJECT PROPERTY is necessary for reorganization. Said adverse economic

consequences are supported by threats of enforcement of the guarantee by LENDERS. See correspondence from representative of LENDERS threatening enforcement of the guarantee attached hereto as **Exhibit "P."**

36. The unusual circumstances in this matter in which DEBTOR/PLAINTIFF is the sole member of SVG and the guarantor on the obligations to the LENDERS and PARMAR, is a Co-Defendant in suit by PARMAR against SVG, and having made forbearance payments to the LENDERS personally, establish a unity of interest between SVG and the DEBTOR/PLAINTIFF. As such there is a significant identity between the PLAINTIFF and the SVG in that PLAINTIFF/DEBTOR is the real party in interest and that the separate personalities of the PLAINTIFF/DEBTOR and SVG no longer exist. The foreclosure of said SUBJECT PROPERTY caused an immediate adverse economic consequence against PLAINTIFF/DEBTOR and has suffered inequitably. While the automatic stay was in place by the PLAINTIFF, CIVIC HOLDINGS transferred the SUBJECT PROPERTY to CIVIC REAL ESTATE via a Quitclaim Deed. The Quitclaim Deed was recorded as Document Number 20200005464 in the Official Records of the Recorder's Office in Los Angeles County A true and correct copy of the Quitclaim Deed is attached hereto as **Exhibit "Q."**

37. On or about September 21, 2020, CIVIC REAL ESTATE, and BUYERS entered into certain Residential Purchase Agreement and Joint Escrow Instructions for the sale of the SUBJECT PROPERTY. On or around October 22, 2020, escrow closed and the sale of the SUBJECT PROPERTY to the BUYERS was finalized. Said sale was completed subject to a Lis Pendens recorded against the SUBJECT PROPERTY in or about March 2020, thereby providing constructive notice to the BUYERS of pending state court litigation. A true and correct copy of

the Lis Pendens filed in case 20SMCV00278 is attached hereto as **Exhibit "R."** Said hearing on Motion to Expunge is stayed in state court.

38. The total amount paid to LENDER by PLAINTIFF in reliance of its offers to forbear on said foreclosure was the amount of $362,823.87 (hereinafter "PLAINTIFF PAYMENT"). In that said PLAINTIFF PAYMENT is held in suspense and not applied, it belongs to the estate of PLAINTIFF.

## FIRST CLAIM FOR RELIEF

## (Declaratory Relief Regarding Real Property)

## (Against all Defendants)

39. The Plaintiff realleges each and every allegation contained in paragraph 1 through 38, inclusive, of this Complaint as if set forth fully herein.

40. There is a present case and/or controversy between the PLAINTIFF, on one hand, and the DEFENDANTS on the other, regarding whether the foreclosure by LENDERS was void *ab initio,* due to the PLAINTIFF/ DEBTOR'S Automatic Stay being in place from the date of the PRIOR PETITION.

41. PLAINTIFF desires a judicial determination affirming there was and is a unity of interest and ownership between the PLAINTIFF and SVG, thereby the separate personalities no longer exists and as a result said SUBJECT PROPERTY is part of the PLAINTIFF'S estate and subject to the PLAINTIFF'S Automatic Stay in the PRIOR PETITION.

42. PLAINTIFF further desires judicial determination establishing that foreclosure by LENDERS was *ab initio*, due to the PLAINTIFF/DEBTOR Automatic stay being in place during the PRIOR PETITION in that a separate personality between PLAINTIFF and SVG did not exist

and there was a clear unity of interest in said SUBJECT PROPERTY that was subject to the automatic stay.

43. PLAINTIFF further desires judicial determination establishing that said sale of the SUBJECT PROPERTY to the BUYERS is void *ab initio,* due to the PLAINTIFF/DEBTOR'S automatic stay being in place at the time of the foreclosure by LENDERS during the pending PRIOR PETITION.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief Regarding State Court Claims)**

**(Against FAY SERVICING, LLC, a Delaware Limited Liability Company; CIVIC HOLDINGS III TRUST, a Delaware Statutory Trust; CIVIC REAL ESTATE HOLDINGS III, LLC, a Delaware Limited Liability Company)**

44. The Plaintiff realleges each and every allegation contained in paragraph 1 through 43, inclusive, of this Complaint as if set forth fully herein.

45. There is a present case and/or controversy between the PLAINTIFF, on one hand, and the DEFENDANTS on the other, regarding whether the PLAINTIFF/DEBTOR'S Automatic Stay was in place from the PETITON DATE.

46. PLAINTIFF desires a judicial determination affirming there was and is a unity of interest and ownership between the PLAINTIFF and SVG, thereby the separate personalities no longer exist.

47. PLAINTIFF further desires judicial determination establishing that said state court proceedings whereby PLAINTIFF and SVG are Plaintiffs and Co-Defendants were subject to the PLAINTIFF/DEBTOR'S Automatic stay from the PETITION DATE and as a result, are part of the PLAINTIFF/DEBTOR'S estate.

Case: 21-05002 Doc# 1 Filed: 01/19/21 Entered: 01/19/21 20:59:15 Page 12 of 18

**THIRD CLAIM FOR RELIEF**

**(For Turnover of Property Pursuant to 11 U.S.C. §542)**

**(Against all Defendants)**

48. The PLAINTIFF realleges each and every allegation contained in paragraph 1 through 47, inclusive, of this Complaint as if set forth fully herein.

49. As alleged above, the total amount paid to LENDER by PLAINTIFF/DEBTOR in reliance of its offers to forbear on said foreclosure was the amount of $362,823.87. PLAINTIFF/DEBTOR did not receive what it bargained for, a forbearance of the foreclosure. In that said PLAINTIFF PAYMENT is held in suspense and not applied, it belongs to the estate of PLAINTIFF.

50. The PLAINTIFF PAYMENT should be turned over to the PLAINTIFF/DEBTOR pursuant to 11 U.S.C. §542 by DEFENDANTS and any entity or individual claiming by and through them.

**FOURTH CLAIM FOR RELIEF**

**(Civil Contempt)**

**(Against all Defendants)**

51. The Plaintiff realleges each and every allegation contained in paragraph 1 through 50, inclusive, of this Complaint as if set forth fully herein.

52. The civil contempt power of the bankruptcy judges is based on U.S.C. § 105 of the Bankruptcy Code. Collier on Bankruptcy ¶ 105.02 [1][b](16th ed. 2009); *see also* 11 U.S.C. §105(2009); *see also* 11 U.S.C. §105. 46.

53. Said claim for relief is based on the willful, knowing and intentional violations of the automatic stay through the DEFENDANTS action of conducting a sale during the PRIOR

BANKRUPTCY, creating an adverse impact on PLAINTIFF/DEBTOR. DEFENDANTS further acts of prosecuting its state court proceedings, while knowing PLAINTIFF and SVG have such a unity of interest in that such identity between PLAINTIFF and SVG may be said that PLAINTIFF is the real party in interest. Said actions by DEFENDANTS were prosecuted while the automatic stay being applicable to SVG was active in the state court proceedings.

54. Actions in violation of the automatic stay continued in the state court as the motion to expunge lis pendens by LENDERS was granted, although stayed pending confirmation from bankruptcy regarding the application of the automatic stay of PLAINTIFF'S bankruptcy as applicable to SVG.

55. Because of its willful and intentional violations, DEFENDANT should be sanctioned under 11 U.S.C. §105.

56. As a result of violations of 11 U.S.C. §105, DEFENDANT is liable to PLAINTIFF for actual damages, statutory damages, and attorney's fees.

**FIFTH CLAIM FOR RELIEF**

**(Injunctive Relief)**

**(Against all Defendants)**

57. The Plaintiff realleges each and every allegation contained in paragraph 1 through 56, inclusive, of this Complaint as if set forth fully herein.

58. Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

59. The relief requested herein is necessary to protect PLAINTIFF'S ability to efficiently and effectively administer the above captioned Chapter 11 reorganization and preserve the SUBJECT PROPERTY of its estate.

Case: 21-05002 Doc# 1 Filed: 01/19/21 Entered: 01/19/21 20:59:15 Page 14 of 18

60. PLAINTIFF has no adequate remedy at law. To obtain a preliminary injunction or temporary restraining order, a Plaintiff must prove that irreparable damage will follow without the grant of equitable relief, and a reasonable probability of success on the merits. Irreparable damage exists where an award of damages would be speculative and difficult to measure.

61. Despite the PLAINTIFF making payments in reliance of said representations, with the PLAINTIFF'S bankruptcy stay in place, and LENDERS having notice of PLAINTIFF'S bankruptcy petition, CIVIC HOLDINGS proceeded with the foreclosure against the SUBJECT PROPERTY in the amount of $4,356,406.73 in unpaid debt. Due to the unusual circumstances, significant identity and unity of interest of the PLAINTIFF and SVG, and while the automatic stay was in place by the PLAINTIFF, CIVIC HOLDINGS then transferred the SUBJECT PROPERTY to CIVIC REAL ESTATE via a Quitclaim Deed. On or about September 21, 2020, CIVIC REAL ESTATE, and BUYERS entered into certain Residential Purchase Agreement and Joint Escrow Instructions for the sale of the SUBJECT PROPERTY. On or around October 22, 2020, escrow closed and the sale of the SUBJECT PROPERTY to the BUYERS was finalized.

62. The total amount paid to LENDER by PLAINTIFF in reliance of their offers to forbear amount of $362,823.87, whereby said funds have been held in suspense, not applied and belong to the PLAINTIFF' estate. In that there is such identity between the PLAINTIFF and SVG, it is said that the PLAINTIFF is the real party. PLAINTIFF will suffer irreparable damage if BUYER further modifies or encumbers or makes improvements (hereinafter "ACTIONS ON PROPERTY") on SUBJECT PROPERTY. This will result in increased litigation costs, due to further litigation to remove encumbrances and costs of modification and the addition of further parties to the litigation. Said return of PLAINTIFF PAYMENT and SUBJECT PROPERTY is

required for a successful reorganization. There is no adequate remedy at law to prevent said ACTIONS ON PROPERTY.

63. A reasonably probability of success on the merits exists in that due to the unusual circumstances and regarding the identity of the PLAINTIFF and SVG, and while the automatic stay was in place by the PLAINTIFF that LENDERS had knowledge of, a foreclosure was conducted on the SUBJECT PROPERTY followed by a series of transfers. Thereafter, on or about September 21, 2020, CIVIC REAL ESTATE, and BUYERS entered into certain Residential Purchase Agreement and Joint Escrow Instructions for the sale of the SUBJECT PROPERTY. On or around October 22, 2020, escrow closed and the sale of the SUBJECT PROPERTY to the BUYERS with constructive notice of pending state court litigation, thereby negating any bona fide purchaser for value status was finalized. During said transactions, LENDERS received PLAINTIFF PAYMENTS made in reliance on LENDERS misrepresentations.

64. PLAINTIFF respectfully requests that the Court enjoin LENDERS from further ACTIONS ON PROPERTY.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for judgment as follows:

A. On the First Claim for Relief: A declaratory judgment against FAY SERVICING, LLC, a Delaware Limited Liability Company; CIVIC HOLDINGS III TRUST; CIVIC REAL ESTATE HOLDINGS III, LLC, a Delaware Limited Liability Company; ANTHONY and LISA NADALIN, individually establishing that (1) there was and is a unity of interest and ownership between the PLAINTIFF and SVG, thereby the separate personalities no longer exists and as a result said SUBJECT

Case: 21-05002 Doc# 1 Filed: 01/19/21 Entered: 01/19/21 20:59:15 Page 16 of 18

PROPERTY is part of the PLAINTIFF'S estate and subject to the PLAINTIFF'S automatic stay; (2) the Foreclosure was in violation of the automatic stay of 11 U.S.C. §362 and void *ab initio*.(3) The sale of the SUBJECT PROPERTY is void *ab initio.*

B. On the Second Claim for Relief: A declaratory judgment against FAY SERVICING, LLC, a Delaware Limited Liability Company; CIVIC HOLDINGS III TRUST; CIVIC REAL ESTATE HOLDINGS III, LLC, a Delaware Limited Liability Company; that there was and is a unity of interest and ownership between the PLAINTIFF and SVG, thereby the separate personalities no longer exists and as a result said state court proceedings whereby PLAINTIFF and SVG are plaintiff's and Co-Defendants were subject to the stay from the PETITION DATE and are part of the PLAINTIFF'S estate.

C. On the Third Claim for Relief: A judgment against FAY SERVICING, LLC, a Delaware Limited Liability Company; CIVIC HOLDINGS III TRUST; CIVIC REAL ESTATE HOLDINGS III, LLC, a Delaware Limited Liability Company returning that the payments by PLAINTIFF be turned over to the PLAINTIFF.

D. On the Fourth Claim for Relief: A judgment against sanctioning FAY SERVICING, LLC, a Delaware Limited Liability Company; CIVIC HOLDINGS III TRUST; CIVIC REAL ESTATE HOLDINGS III, LLC, a Delaware Limited Liability Company; ANTHONY and LISA NADALIN, individuals; under 11 U.S.C. §105 and for actual damages, statutory damages, and attorney's fees.

E. On the Fifth Claim for Relief: A judgment against FAY SERVICING, LLC, a Delaware Limited Liability Company; CIVIC HOLDINGS III TRUST; CIVIC REAL ESTATE HOLDINGS III, LLC, a Delaware Limited Liability Company; ANTHONY


Case: 21-05002 Doc# 1 Filed: 01/19/21 Entered: 01/19/21 20:59:15 Page 17 of 18

and LISA NADALIN, enjoining them from modifying, improving or encumbering the SUBJECT PROPERTY.

F. On all Claims for Relief: A judgment granting such other and further relief as the Bankruptcy Court deems just and proper.

Dated: January 19, 2021 NICHANI LAW FIRM

/s/ Vinod Nichani________
VINOD NICHANI
Attorney for Debtor and Plaintiff
VIKRAM SRINIVASAN

Case: 21-05002 Doc# 1 Filed: 01/19/21 Entered: 01/19/21 20:59:15 Page 18 of 18