# EXHIBIT B

# Exhibit B

# Guarantee

Loan Number: 0118072548

The undersigned, Vikram Srinivasan, an individual & Matthew Bahrami, an individual ("**Guarantor**"), at solicitation of SUMMITRIDGE VENTURE GROUP, LLC , a California Limited Liability Company ("**Borrower**"), requests Civic Financial Services, LLC, a California limited liability company ("**Lender**"), to extend Borrower Credit. As inducement, Guarantor agrees:

1. The term "**Credit**" in this Guarantee ("**Guarantee**") includes, without limitation, any amount Borrower owes Lender, heretofore, now, or hereafter incurred, arising from any of that certain Note of Borrower to Lender, dated as of the date hereof (with any amendment, the "**Note**"), and any Mortgage, Deed of Trust, Assignment of Rents and Fixture Filing, Security Deed or other comparable security instrument (with any amendment, the "**Security Instrument**"), by and between Borrower and Lender (the Note, Security Instrument, and any document executed in connection therewith, collectively, the "**Loan Documents**").

2. (a) If there is more than a single entity or person included in the terms "Guarantor" or "Borrower," respectively, each reference herein to such terms shall mean any and all, and one or more of such entities and persons both jointly and severally, and (b) if more than one person or entity executes this Guarantee, the obligations and liabilities hereunder of Guarantors are and shall be joint and several.

3. Guarantor's liability hereunder is unlimited. Guarantor is liable to Lender for interest and expenses enumerated in Section 11. Any payment received by Lender from Borrower, any other person or proceeds of collateral granted by Borrower or any other shall not reduce Guarantor's liability. Notwithstanding any foreclosure, Guarantor shall remain liable to Lender for any Credit remaining unpaid.

4. Guarantor unconditionally guarantees and agrees to pay Lender, on demand following any default (as defined in the Note), an amount equal to the Credit, and to otherwise perform any Borrower obligations undertaken pursuant to any Credit. This Guarantee is a Guarantee of payment and not of collection.

5. Guarantor authorizes Lender at its sole discretion, with or without notice, and without affecting Guarantor's continuing liability, to change the time or manner of payment of any Credit by waiver, modification, renewal, extension, acceleration, or otherwise. Guarantor waives all presentments, demands for performance, and notices and demands of any kind or nature whatsoever.

6. Guarantor represents and warrants to Lender that: (a) Lender has made no representation to Guarantor in regard to Borrower, the Credit, or any related matters; and (b) Guarantor assumes responsibility to be informed of Borrower's financial condition, and of any circumstances bearing upon risk of nonpayment of the Credit, and Lender has no duty to advise Guarantor of any information known to Lender.

7. In addition to all liens upon and rights of setoff against monies, securities, or other property

1

of Guarantor given to Lender by law or otherwise as security hereunder, Guarantor pledges Lender and grants Lender a security interest in, and Lender shall have a right of setoff against, all monies, securities, and other property of Guarantor now or hereafter in the possession of, or on deposit with, Lender, whether held in a general or special account or deposit or for safekeeping or otherwise; and each such security interest, or right of setoff, may be enforced or exercised without demand upon, or notice to, Guarantor. The security interests here created shall secure all of Guarantor's obligations to Lender under this Guarantee and any subsequent guarantee by Guarantor. This Guarantee is not secured by real property.

8. Any indebtedness of Borrower now or hereafter owed Guarantor and all claims of Guarantor against Borrower, whenever arising, are subordinated to the Credit and assigned to Lender as additional collateral. If Borrower is an entity, Guarantor will not withdraw or accept, without Lender's prior written consent, any return of any capital invested or equity interest in Borrower.

9. Should one or more provisions of this Guarantee be determined illegal or unenforceable, all other provisions shall remain effective.

10. This Guarantee shall inure to the benefit of Lender, its successors and assigns, and shall bind Guarantor and Guarantor's heirs, executors, administrators, representatives, successors, and assigns.

11. Guarantor agrees to pay Lender, on demand, reasonable attorneys' fees and all other costs and expenses which Lender may incur in collection, or attempted collection, from Borrower of any of the Credit and/or in interpretation, enforcement, or attempted enforcement by Lender of this Guarantee or any collateral therefor, together with interest thereon at the rate applicable to the Credit, including, without limitation, attorneys' fees and related costs of enforcement of any judgments and awards and upon any appeal.

12. Guarantor warrants and represents to Lender that:

(a) All financial statements and other financial information furnished, or to be furnished, to Lender by Guarantor are, and will be, true and correct, and do and will fairly represent the financial condition of Guarantor as of the dates thereof; and

(b) There has been no material adverse change in Guarantor's financial condition since the dates of the financial statements and other information furnished to Lender, except as previously disclosed to Lender in writing.

13. Lender may declare Guarantor in default under this Guarantee upon any of the following:

(a) Guarantor fails to pay or perform any of Guarantor's obligations under this Guarantee; or

(b) Any representation or warranty of Guarantor to Lender proves false or misleading; or

(c) A petition or action for relief shall be filed by or against Guarantor, pursuant to the Federal Bankruptcy Code, or under any other law relating to bankruptcy, insolvency, reorganization, moratorium, creditor composition, arrangement, or other relief from debts; the appointment of a receiver, trustee, custodian, or liquidator of or for any property of Guarantor; or upon death, incapacity, insolvency, dissolution, or termination of the business of Guarantor; or

(d) Guarantor revokes or attempts to revoke this Guarantee.

14. Rights, remedies, powers, and benefits granted Lender under this Guarantee, the Credit, any oral or other written agreement or applicable law whether express, implied in law or otherwise, are cumulative.

15. Lender shall not be deemed to have expressly or impliedly waived any security interest granted hereunder or rights, powers, and/or remedies hereunder (including any right of setoff) unless such waiver is written and signed by an authorized officer of Lender. A waiver by Lender on any one occasion shall not be construed as waiver on any future occasion. Failure by Lender to file or enforce a claim against the estate (in administration, bankruptcy, probate, or other proceeding) of Borrower or of any other, shall not affect Guarantor's liability.

16. Each of this Guarantee and any related document may be amended only by written agreement signed by an authorized officer of Lender.

17. This is a continuing Guarantee of the Credit. Revocation of this Guarantee, if permitted by applicable law, shall be effective only upon the close of the next business day after written notice thereof is received by an officer of Lender by certified or registered mail, return receipt requested at 2015 Manhattan Beach Blvd, Suite 106, Redondo Beach, CA 90278, Attention: Civic Financial Services, Inc. Any such revocation shall be effective only as to the revoking party and shall not affect that party's obligations with respect to Credit existing before the revocation became effective.

18. State Specific Provisions-California

(a) A married person who signs this Guarantee expressly agrees that recourse may be had against his or her separate property and all community property over which that person has a power of management and control, for all of his or her obligations hereunder.

(b) Guarantor waives Guarantor's rights of subrogation, reimbursement, indemnification, and contribution, and any other rights and defenses that are, or may become, available to Guarantor pursuant to any of CALIFORNIA CIVIL CODE §§2787-2855.

(c) Guarantor unconditionally and irrevocably waives all rights and defenses, including, but not limited to, any rights or defenses directly or indirectly based upon CALIFORNIA CODE OF CIVIL PROCEDURE ("**CALCAP**") §§ 580a, 580b, 580d, or 726, that Guarantor may have because real property secures Borrower's debt.

(d) Guarantor waives all rights and defenses arising out of an election of remedies by Lender, even though such election, *e.g.* a nonjudicial foreclosure with respect to security for a guaranteed obligation, has destroyed Guarantor's rights of subrogation and reimbursement against the principal by operation of CAL CCP §580d or otherwise.

(e) To the maximum extent permitted by law, Guarantor waives the benefit of the statute of limitations affecting Guarantor's liability hereunder or enforcement hereof, or collection of any of the Credit, including, without limiting the foregoing, any and all special statutes of limitations arising out of CAL CCP §§ 580a or 726(b). Any partial payment by Borrower which tolls any statute of limitations as to Borrower shall likewise toll the statute of limitations as to Guarantor.

(f) Guarantor waives all rights to interpose setoffs or counterclaims of any nature in any action or proceeding instituted by Lender with respect to this Guarantee, the collateral therefor, or any matter arising therefrom or relating thereto, and the posting of any bond which may

3

otherwise be required, and waives any and all benefits of cross-demands pursuant to CAL CCP §431.70.

(g) Guarantor irrevocably submits and consents to jurisdiction of any federal or state court of competent jurisdiction within California in connection with any action or proceeding arising out of, or relating to, this Guarantee, and consents to service of process by any means allowed by California or federal law.

(h) California law, without reference to its choice of law rules, governs this Guarantee.

(i) JUDICIAL REFERENCE IN THE EVENT OF JURY TRIAL WAIVER UNENFORCEABILITY. NOTWITHSTANDING SECTION 21 BELOW TO THE CONTRARY, IN THE EVENT THAT THE JURY TRIAL WAIVER CONTAINED HEREIN SHALL BE HELD OR DEEMED TO BE UNENFORCEABLE, GUARANTOR HEREBY EXPRESSLY AGREES TO SUBMIT TO JUDICIAL REFERENCE ANY CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION ARISING HEREUNDER FOR WHICH A JURY TRIAL WOULD OTHERWISE BE APPLICABLE OR AVAILABLE. PURSUANT TO SUCH JUDICIAL REFERENCE, GUARANTOR AGREES TO THE APPOINTMENT OF A SINGLE REFEREE AND SHALL USE ITS, HIS OR HER BEST EFFORTS TO AGREE ON THE SELECTION OF A REFEREE. IF THE PARTIES TO THE DISPUTE ARE UNABLE TO AGREE ON A SINGLE REFEREE, A REFEREE SHALL BE APPOINTED BY THE COURT TO HEAR ANY DISPUTES HEREUNDER IN LIEU OF ANY SUCH JURY TRIAL. GUARANTOR ACKNOWLEDGES AND AGREES THAT THE APPOINTED REFEREE SHALL HAVE THE POWER TO DECIDE ALL ISSUES IN THE APPLICABLE ACTION OR PROCEEDING, WHETHER OF FACT OR LAW, AND SHALL REPORT A STATEMENT OF DECISION THEREON; PROVIDED, HOWEVER, THAT ANY MATTERS WHICH WOULD NOT OTHERWISE BE THE SUBJECT OF A JURY TRIAL WILL BE UNAFFECTED BY THIS WAIVER AND THE AGREEMENTS CONTAINED HEREIN. GUARANTOR AGREES THAT THE PROVISIONS CONTAINED HEREIN HAVE BEEN FAIRLY NEGOTIATED ON AN ARM'S-LENGTH BASIS, WITH GUARANTOR AGREEING TO THE SAME KNOWINGLY, AND BEING AFFORDED THE OPPORTUNITY TO HAVE GUARANTOR'S LEGAL COUNSEL CONSENT TO THE MATTERS CONTAINED HEREIN. ANY PARTY MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE AGREEMENTS CONTAINED HEREIN REGARDING THE APPLICATION OF JUDICIAL REFERENCE IN THE EVENT OF THE INVALIDITY OF SUCH JURY TRIAL WAIVER.

19. This Guarantee constitutes the parties' entire agreement regarding its subject matter.

20. Guarantor consents to Lender's (a) sale, transfer, pledge or assignment of this Guarantee and/or any of the Loan Documents, or any servicing rights thereto, and/or (b) sale or transfer of any participation interest in the loan here guaranteed ("**Loan**"). Lender may provide to any such actual or prospective purchasers any information Lender may have about Guarantor, Borrower or any other matter relating to the Loan or this Guarantee, and Guarantor waives any relevant rights to privacy.

21. WAIVER OF RIGHT TO TRIAL BY JURY. GUARANTOR HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION (1) ARISING UNDER THIS GUARANTEE, OR ANY OTHER INSTRUMENT, DOCUMENT, OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR (2) IN ANY WAY CONNECTED WITH, OR RELATED OR INCIDENTAL TO, THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS GUARANTEE, OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED

Case: 21-05002    Doc# 1-3    Filed: 01/19/21    Entered: 01/19/21 20:59:15    Page 5 of 6

OR DELIVERED IN CONNECTION HEREWITH, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND GUARANTOR HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY. GUARANTOR AGREES THAT THE PROVISIONS CONTAINED HEREIN HAVE BEEN FAIRLY NEGOTIATED ON AN ARM'S-LENGTH BASIS, WITH GUARANTOR AGREEING TO THE SAME KNOWINGLY, AND BEING AFFORDED THE OPPORTUNITY TO HAVE GUARANTOR'S LEGAL COUNSEL CONSENT TO THE MATTERS CONTAINED HEREIN. ANY PARTY MAY FILE AN ORIGINAL COUNTERPART OR COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THE RIGHT TO TRIAL BY JURY.

SUMMITRIDGE VENTURE GROUP, LLC, a California Limited Liability Company

By: _[signature]_  Date: 9/12/18
Name: Vikram Srinivasan
Title: Managing Member

By: _[signature]_  Date: 9-14-18
Name: Matthew Bahrami
Title: Member

5

Case: 21-05002    Doc# 1-3    Filed: 01/19/21    Entered: 01/19/21 20:59:15    Page 6 of 6